IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WHEATLAND BANK, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 10-CV-4687 |
| v. | ) ) | |
| MICHAEL A. SYKES, ARTHUR P. SUNDRY, JR., EDWARD ELSBURY, and MEZZANINE FINANCE, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

To: The Judges of the United States District Court for the Northern District of Illinois
The Clerk of the Above-Entitled Court

**PLEASE TAKE NOTICE THAT** Plaintiff, the Federal Deposit Insurance Corporation ("FDIC") as Receiver for Wheatland Bank, by its counsel, hereby gives Notice pursuant to 28 U.S.C. § 1441(b) and 12 U.S.C. § 1819(b)(2)(B) of the removal of the case styled *Federal Deposit Insurance Corporation as Receiver for Wheatland Bank v. Michael A. Sykes, Arthur P. Sundry, Jr., Edward Elsbury, and Mezzanine Finance, LLC*, Case No. 09 L 15546, from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. The FDIC removes this lawsuit on the grounds that the recent substitution of the FDIC as Receiver for Wheatland Bank as a party mandates the removal of all pending claims. In support of its motion, the FDIC states as follows:

1757355-1

## BACKGROUND

**A.     The State Court Action**

1.     On or about December 21, 2009, Wheatland Bank filed a complaint against Defendants Michael A. Sykes ("Sykes"), Arthur P. Sundry, Jr. ("Sundry"), Edward Elsbury ("Elsbury"), and Mezzanine Finance, LLC ("MFL") (collectively, "Defendants"), in Case No. 09 L 15546, in the Circuit Court of Cook County, County Department, Law Division (the "State Court Action"). A copy of the complaint filed in the State Court Action is attached as Exhibit A.

2.     In the State Court Action, Wheatland Bank asserts several claims against the Defendants. Wheatland Bank alleges that Sykes (shareholder and former president and chief executive officer of Wheatland Bank), Sundry (shareholder and former director of Wheatland Bank), and Elsbury (shareholder of Wheatland Bank) owned and operated MFL, and improperly profited through MFL on Wheatland Bank's loans to MFL's clients. Wheatland Bank asserts claims for breach of fiduciary duty against Sykes (Count I), breach of fiduciary duty against Sundry (Count II), tortious inducement of breach of fiduciary duty against all Defendants (Count III), fraud against Sykes and Sundry (Count IV), negligence against Sykes and Sundry (Count V), violation of the Uniform Deceptive Trade Practices Act against Sykes and MFL (Count VI), and conspiracy against all Defendants (Count VII).

3.     Defendants Sykes and MFL entered their appearances on or about February 22, 2010. Defendant Sundry entered his appearance on or about February 18, 2010. Defendant Elsbury entered his *pro se* appearance on or about January 22, 2010. Elsbury later retained counsel. Copies of the appearances are attached as Exhibit B.

4.     Defendant Elsbury filed an answer to the complaint on or about February 22, 2010. A copy of his answer is attached as Exhibit C.

5. Defendants Sykes, Sundry, and MFL have not filed answers to the complaint. On or about March 19, 2010, Wheatland Bank filed a Motion for Entry of Order of Default Against Defendants. A copy of the motion is attached as Exhibit D. As reflected in an Order dated May 11, 2010, that motion was withdrawn. A copy of the Order is attached as Exhibit E.

6. The following other motions have been filed:

    a. Motions Directed at the Pleadings:

        i. On or about March 11, 2010, Wheatland Bank filed a Motion for Leave to File First Amended Complaint Under Seal. Wheatland Bank proposed that its amended complaint would include personally-identifying details of its borrowers and their loan transactions that were referred to in redacted form in the original Complaint. A copy of the motion is attached as Exhibit F.

        ii. On or about May 4, 2010, Sykes and MFL filed a Motion to Dismiss. The basis for the motion to dismiss was the closing of Wheatland Bank. A copy of the motion is attached as Exhibit G.

        iii. On or about May 11, 2010, Sundry filed a Motion to Dismiss or Determine Attorney Fee Advancement. The basis for the motion to dismiss was the closing of Wheatland Bank. A copy of the motion is attached as Exhibit H.

    b. Motions Dealing with Discovery:

        i. On or about March 19, 2010, third party Ruff, Weidenaar & Reidy, Ltd. (RW&R"), former counsel for Wheatland Bank, filed a Motion to

      Quash Subpoena for Documents. A copy of the motion is attached as Exhibit I.

  ii. On or about April 21, 2010, Wheatland Bank filed a Motion to Compel Discovery of Defendants Arthur P. Sundry, Jr., Michael A. Sykes, and Mezzanine Finance LLC. A copy of the motion is attached as Exhibit J.

  iii. On or about April 21, 2010, Wheatland Bank filed a Motion to Compel Discovery of Defendant Edward Elsbury. A copy of the motion is attached as Exhibit K.

c. Motions to Intervene:

  i. On or about March 1, 2010, third parties Anthony Pendolino and Stephanie Pendolino (the "Pendolinos") filed a Motion for Leave to Intervene. In connection with their request to intervene, the Pendolinos sought leave to file a Third-Party Complaint against Wheatland Bank and Defendants alleging consumer fraud (Counts I and II), fraud (Count III), negligence (Count IV), and conspiracy (Count V). A copy of the motion is attached as Exhibit L.

  ii. On or about July 6, 2010, third party Raymond Gibbons ("Gibbons") filed a Petition to Intervene. In connection with his request to intervene, Gibbons sought leave to file a Third-Party Complaint in his capacity as a shareholder of Wheatland Bank against Sykes and Sundry alleging breach of fiduciary duty. A copy of the motion is attached as Exhibit M. In open court on July 16, 2010, Sundry

provided counsel with a copy of a response to this motion, but it is unclear whether the response was filed with the Court. A copy is attached as Exhibit N.

All of the above-referenced motions have been entered and continued.

7. Copies of all orders entered by the Court in the State Court Action are attached as Exhibit O.

**B.    The FDIC's Appointment as Receiver and Substitution as Plaintiff**

8. On April 23, 2010, the Illinois Department of Financial and Professional Regulation ("IDFPR") took possession and control of Wheatland Bank and requested that the FDIC accept appointment as Receiver for Wheatland Bank. A copy of the IDFPR's request to the FDIC is attached as Exhibit P.

9. On April 23, 2010, the FDIC accepted its appointment as Receiver for Wheatland Bank. A copy of the FDIC's acceptance letter is attached as Exhibit Q.

10. The FDIC as Receiver for Wheatland Bank has succeeded to all rights, titles, powers, and privileges of Wheatland Bank pursuant to 12 U.S.C. § 1821(d)(2)(A)(i).

11. On or about July 16, 2010, the FDIC as Receiver for Wheatland Bank was substituted as the Plaintiff in the State Court Action. A copy of the Motion to Substitute is attached as Exhibit R, and a copy of the order reflecting the substitution of the FDIC as a party to the State Court Action is attached as Exhibit S.

**BASIS FOR REMOVAL**

12. This notice of removal is brought in part pursuant to 28 U.S.C. § 1441(b), which provides, in relevant part, that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

13. Any civil suit in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). *See also Bullion Servs., Inc. v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir. 1995). When the FDIC is a party, the entire action is deemed to arise under the laws of the United States. *Buchner v. FDIC*, 981 F.2d 816, 818-19 (5th Cir. 1993).

14. The FDIC also has a statutory right to remove cases in which it is a party from state court to federal court pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). Specifically, 12 U.S.C. § 1819(b)(2)(B) provides:

> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.[1]

15. This notice of removal is being brought within the 90-day period from the date the FDIC as Receiver for Wheatland Bank was substituted as a party in the State Court Action. The exception set forth in Subparagraph (D), which applies only when the FDIC "is a party other than as a plaintiff," does not apply here because the FDIC is now the plaintiff in this case. In addition, the case does not involve obligations owing to depositors, creditors, or stockholders by the institution, but involves fiduciary duties owed by a former officer and a former director.

16. Because the FDIC as Receiver for Wheatland Bank is now a party to the State Court Action, the entire State Court Action should be removed to the United States District Court for the Northern District of Illinois.

---

[1] Subparagraph (D) provides an exception for cases meeting each of the following requirements: (1) the FDIC "is a party other than as plaintiff;" (2) the case involves "only" obligations "owing to, depositors, creditors, or stockholders by the" institution or pre-closing rights against the institution; and (3) the case involves only the interpretation of state law. 18 U.S.C. § 1819(b)(2)(D).

17. The FDIC as Receiver for Wheatland Bank has promptly served notice of the filing of this removal to all parties of record in the State Court Action, and to the Clerk of the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1446(d).

18. Venue properly lies with this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), as this action is presently proceeding in the Circuit Court of Cook County, Illinois.

19. Copies of all process, pleadings, and orders served by or on the FDIC as Receiver for Wheatland Bank are attached to this notice of removal as required by 28 U.S.C. § 1446(a).

WHEREFORE, the FDIC as Receiver for Wheatland Bank respectfully requests that this Court accept the removal of this action from state court and direct that the Circuit Court of Cook County shall have no further jurisdiction over this matter.

Dated: July 27, 2010

Respectfully submitted,

/s/ Lisa C. Sullivan
One of the Attorneys for the Federal Deposit Insurance Corporation as Receiver for Wheatland Bank

F. Thomas Hecht
Tina B. Solis
Lisa C. Sullivan
Patrick F. Ross
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
312-977-4400
312-977-4405 (facsimile)

CERTIFICATE OF SERVICE

I, Lisa C. Sullivan, an attorney, certify that on July 28, 2010, I caused a true and correct copy of **Notice of Removal to the United States District Court for the Northern District of Illinois** to be served on the counsel listed below by first class U.S. mail, postage prepaid, by depositing envelopes containing same into the mailbox located outside 3500 Three First National Plaza, Chicago, Illinois 60602 before 7:00 p.m.:

Arnold H. Landis
LAW OFFICES OF ARNOLD H. LANDIS, PC
77 W. Washington, Suite 702
Chicago, IL 60602
*Attorney for defendants Michael Sykes and Mezzanine Finance LLC*

Leon C. Wexler
LAW OFFICES OF LEON C. WEXLER
77 W. Washington, Suite 1618
Chicago, IL 60602
*Attorney for defendant Arthur P. Sundry, Jr.*

Brian G. Due
7601 W. Montrose
Norridge, IL 60706
*Attorney for defendant Edward Elsbury*

Brian Walker
KUPISCH, CARBON & LAUREAN, LTD.
201 North Church Road
Bensenville, Illinois 60106
*Attorney for potential intervenors Anthony and Stephanie Pendolino*

Jeffry J. Knuckles
NYBERG & CASSIOPPO, LLC
1111 South Washington Street
Naperville, Illinois 60540
*Attorney for potential intervenor Raymond Gibbons*

/s/ Lisa C. Sullivan

1757355-1